## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DEAN E. GILBERT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-3428-WBV-KWR** |
| **SIDNEY H. CATES, IV, ET AL.** | **SECTION: D (4)** |

## <u>ORDER</u>

Before the Court are two motions filed by *pro se* plaintiff, Dean E. Gilbert: (1) Plaintiff's Motion to Disqualify Judge, Pursuant to 28 U.S.C.A. §§ 144, 455, Due to Her Bias Against Him Through Her Familial Interests With the Defendants and Her Directive to the Pro-Se Clerk of Court to Interfere with Plaintiff's Pleadings in 2019-CV-1937 (the "Motion to Disqualify");[1] and (2) Plaintiff's Motion to Return this Matter to the Honorable Sarah H. Vance (the "Motion to Return").[2]  On February 8, 2021, defendant Thomas J. Cortazzo filed an untimely Opposition to the Motion to Return.[3]  After considering the briefs and the applicable law, both motions are **DENIED.**

## I.   FACTUAL AND PROCEDURAL BACKGROUND

The instant case is the fifth case filed by Mr. Gilbert in Louisiana state court arising from a succession proceeding regarding the estate of his mother, Bernadette

---

[1] R. Doc. 9.

[2] R. Doc. 11.

[3] R. Doc. 30.  The Court notes that the Opposition brief was timely-filed based upon the original February 23, 2021 submission date on the Motion to Return.  However, on January 22, 2021, the Court issued an Order resetting the submission date on the Motion to Return for February 9, 2021.  (R. Doc. 12).  Pursuant to Local Rule 7.5, the deadline to file any opposition to the Motion to Return was eight days before the revised submission date, or February 1, 2021.

Gaines Gilbert, which has made its way to this Court.[4]  The allegations in the instant case are identical to those made in Mr. Gilbert's four prior suits, which were removed to this Court and subsequently dismissed by this Court.[5]  On or about November 20, 2020, Mr. Gilbert filed a Petition in Civil District Court for the Parish of Orleans against Sidney H. Cates, IV, individually and in his official capacity as Judge of the Orleans Parish Civil District Court, Dwight A. Gilbert, individually and in his capacity as Administrator for the Succession of Bernadette Gaines Gilbert, Thomas J. Cortazzo, individually and as counsel for the Succession of Bernadette Gaines Gilbert, Darryl M. Gilbert, individually and as an heir to the Succession of Bernadette Gaines Gilbert, and Debra Dave, as agent to the Succession of Bernadette Gaines Gilbert (collectively, "Defendants").[6]

As in the prior cases, Mr. Gilbert alleges that Judge Cates presided over the succession proceeding of his mother's estate and, in that capacity, deducted $13,000.00 from Mr. Gilbert's inheritance for a motor vehicle before closing the Succession of Bernadette Gaines Gilbert.[7]  Mr. Gilbert alleges that, "The price was an inflated automobile value that failed to deduct the value of plaintiff's inheritance."[8]  Mr. Gilbert further alleges that Defendants refused to deliver the title

---

[4] R. Doc. 1 at p. 2; *See*, Civ. A. No. 17-04786-JTM-KWR, *Dean E. Gilbert v. Sidney H. Cates, IV, et al.* (E.D. La.) c/w Civ. A. No. 17-12195-JTM-KWR, *Dean E. Gilbert v. Sidney H. Cates, IV, et al.* (E.D. La.); Civ. A. No. 19-9537-WBV-KWR, *Dean E. Gilbert v. Sidney H. Cates, IV, et al.* (E.D. La.); Civ. A. No. 19-13654-WBV-KWR-*Dean E. Gilbert v. Sidney H. Cates, IV, et al.* (E.D. La.).
[5] *See*, R. Doc. 93 in Civ. A. No. 17-04786-JTM-KWR, *Dean E. Gilbert v. Sidney H. Cates, IV, et al.* (E.D. La.) c/w Civ. A. No. 17-12195-JTM-KWR, *Dean E. Gilbert v. Sidney H. Cates, IV, et al.* (E.D. La.); R. Doc. 31 in Civ. A. No. 19-9537-WBV-KWR, *Dean E. Gilbert v. Sidney H. Cates, IV, et al.* (E.D. La.); R. Doc. 13 in Civ. A. No. 19-13654-WBV-KWR-*Dean E. Gilbert v. Sidney H. Cates, IV, et al.* (E.D. La.).
[6] R. Doc. 1-2.
[7] *Id.* at ¶¶ 2, 7.
[8] *Id.* at ¶ 7.

to the vehicle until after Judge Cates recused himself from the case, and that the title transfer revealed that it was not owned by the Succession.[9]  Mr. Gilbert claims that Judge Cates allowed the Succession to overcharge for a vehicle it did not own and that Judge Cates then imposed financial sanctions on Mr. Gilbert for possessing a vehicle the Succession did not own.[10]  Mr. Gilbert alleges that Judge Cates took these actions to enrich his campaign contributor and to retaliate against Mr. Gilbert.[11]  Mr. Gilbert does not allege any facts particular to defendants Darryl Gilbert, Dwight Gilbert, Thomas Cortazzo or Debra Dave, other than that he is suing them individually and in their official capacities.[12]  Mr. Gilbert seeks compensatory damages, punitive damages, interest, costs of suit and such other and further relief as the court may deem just and proper.[13]

Defendant, Thomas Cortazzo, removed the case to this Court on December 18, 2020, asserting that the Court has subject matter jurisdiction under 28 U.S.C. § 1331.[14]  Cortazzo claims that although Mr. Gilbert describes the claims in his current Petition as arising under Louisiana law, they arise out of the same conduct as the prior cases, in which Mr. Gilbert sought recovery under 42 U.S.C. § 1983.[15]  Mr. Gilbert has filed a Motion to Remand, which remains pending before the Court.[16]

---

[9] *Id*. at ¶¶ 8, 9.
[10] *Id*. at ¶¶ 9, 10.
[11] *Id*. at ¶ 11.
[12] *See generally,* R. Doc. 1-2.
[13] *Id*. at p. 2.
[14] R. Doc. 1 at ¶ 22.
[15] *Id*. at ¶¶ 18-29.
[16] R. Doc. 7.

On January 21, 2021, Mr. Gilbert filed the instant Motion to Disqualify and the Motion to Return.[17]  Both motions address the Court's alleged bias against Mr. Gilbert in this case.  In the Motion to Disqualify, Mr. Gilbert raises some of the same arguments verbatim that he asserted in a motion to disqualify filed in one of his prior cases.[18]  As in the prior motion, Mr. Gilbert alleges that the undersigned has "a personal bias or prejudice against him and for, [sic] a former managing partner of Baldwin Haspel Burke & Mayer, the Defendant Thomas Cortazzo."[19]  Mr. Gilbert asserts that, "Simply, this court does not appear to believe that lawyers from the law firm founded by the court's family members should have liability for abusing an elderly black man or stealing his money."[20]

Attached to the Motion is an Affidavit from Mr. Gilbert, in which he asserts that, "Baldwin Haspel Burke & Mayer was founded and eponymously named by paternal members of Judge Vitter's family," and that, "Over the years, members of Judge Vitter's family were employed at Baldwin including her late father."[21]  Mr. Gilbert asserts that much of the historical source of the present controversy arises from the law firm's allegedly fraudulent actions, and that the undersigned "is an actual scion of the law firm."[22]  Mr. Gilbert further claims that, "Any allegation made

---

[17] R. Docs. 9, 11.
[18] R. Doc. 9; *See*, R. Doc. 8 in Civ. A. No. 19-9537-WBV-KWR, *Dean E. Gilbert v. Sidney H. Cates, IV, et al.* (E.D. La.).
[19] R. Doc. 9 at p. 2.
[20] *Id*.
[21] R. Doc. 9-2 at ¶¶ 3(b) & (c).
[22] *Id*. at ¶¶ 3(e) & (h).

against Baldwin, its employees, its clients, and/or former employees can be viewed as an assault upon Judge Vitter's friends, family members or family's legacy."[23]

Mr. Gilbert also claims that the undersigned should be disqualified from this case because the Court previously "directed the Clerk's pro-se office to reject any pleadings that would delay this court's planned dismissal [of Mr. Gilbert's prior case]."[24]  In his Affidavit, Mr. Gilbert asserts that, "Judge Vitter's office directed the Clerk of Court to reject pleadings all that would interfere with her dismissal plans of the past case," and that, "When the plaintiff's case was still pending, but while the court was composing its dismissal order, the court barred the clerk's office from allowing plaintiff to issue any summons."[25]  Mr. Gilbert states that, "Essentially, Judge Vitter used the Clerk of Court to deny plaintiff's rights to due process for the convenience of her planned dismissal order."[26]  Mr. Gilbert further asserts that, "Judge Vitter issued an order where she granted defendant's motion barring plaintiff from filing a complaint regarding her family's law firm illegalities; but the defendant had a separate and unequal right to transfer the complaint, from another jurisdiction, for dismissal from her court, without prior approval."[27]  Based on the foregoing allegations, Mr. Gilbert asserts that, "The probability of bias from Judge Vitter would be too high to be constitutionally tolerable."[28]

---

[23] *Id.* at ¶ 3(j).
[24] R. Doc. 9 at p. 3.
[25] R. Doc. 9-2 at ¶¶ 3(l) & (m).
[26] *Id.* at ¶ 3(n).
[27] *Id.* at ¶ 3(o).
[28] *Id.* at ¶ 3(p).

In the Motion to Return, Mr. Gilbert asserts that this case was originally assigned to Judge Vance, but was transferred to the undersigned and Chief Magistrate Judge Roby, and that the matter should be transferred back to Judge Vance for disposition.[29]  Mr. Gilbert alleges that, "Judge Roby's decisions against me, which were replete with invective and eliminated my chance to respond, were the currency used by her husband to influence defendant Judge Cates."[30]  Mr. Gilbert further complains that Judge Roby's prior order denying a motion to disqualify that he filed in a prior case warrants her disqualification from this matter.[31]  Mr. Gilbert again asserts that, "Baldwin Haspel Burke & Mayer is Judge Wendy Baldwin Vitter's eponymous law firm."[32]  Mr. Gilbert claims that, "Defendant Thomas Cortazzo was the managing partner of Baldwin and a campaign contributor to Judge Cates," and that, "Judge Cates allowed Baldwin through Thomas Cortazzo to commit fraud, elder abuse, identity theft, and theft."[33]  Mr. Gilbert further asserts that, "It is highly improbable for Judge Vitter to even imagine lawyers from her firm disciplined for stealing from poor minorities.  The high probability of Judge Vitter's bias is why this case was transferred to her and it is constitutionally intolerable."[34]  Mr. Gilbert asks the Court to return the matter to Judge Vance if it is not remanded to Orleans Parish Civil District Court.[35]

---

[29] R. Doc. 11.

[30] *Id*. at p. 2.

[31] *Id*. at pp. 2-3.  Mr. Gilbert's allegations regarding Chief Magistrate Judge Roby's alleged bias in this case are best reserved for Judge Roby's review of Mr. Gilbert's Motion to Disqualify Magistrate Judge (R. Doc. 10).

[32] R. Doc. 11 at p. 3.

[33] *Id*. at p. 4.

[34] *Id*.

[35] *Id*.

In response, Cortazzo claims that the issues and arguments raised in the Motion to Return are not new, and that the Court should deny the Motion for the same reasons that the Court denied similar requests in one of Mr. Gilbert's prior cases.[36]  Thus, Cortazzo asserts that the Motion to Return should be denied because this Court has already considered Mr. Gilbert's arguments in at least one of the many prior suits filed by Mr. Gilbert.  Cortazzo also claims that Mr. Gilbert's request for remand as alternative relief should be denied for the reasons set forth in his Opposition brief to the Motion to Remand.[37]

## II.     LAW AND ANALYSIS

Under 28 U.S.C. § 455, "Any . . . judge . . . shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned."  Section 455 further provides that a judge shall also disqualify herself in the following circumstances:

(1) Where she has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

(2) Where in private practice she served as lawyer in the matter in controversy, or a lawyer with whom she previously practiced law served such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

(3) Where she has served in governmental employment and in such capacity participated as counsel, adviser, or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

(4) She knows that she, individually or as a fiduciary, or her spouse or minor child residing in her household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any

---

[36] R. Doc. 30 at pp. 1-2 (*citing* R. Docs. 21, 24 & 30 in Civ. A. No. 19-9537-WBV-KWR, *Dean E. Gilbert v. Sidney H. Cates, IV, et al.* (E.D. La.)).

[37] R. Doc. 30 at p. 2 (*citing* R. Doc. 18).

other interest that could be substantially affected by the outcome of the proceeding;

(5) She or her spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

    (i) Is a party to the proceeding, or an officer, director, or trustee of a party;

    (ii) Is acting as a lawyer in the proceeding;

    (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;

    (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.[38]

The Fifth Circuit has advised that, "[A] judge faced with a potential ground for disqualification ought to consider how [her] participation in a given case looks to the average person on the street."[39] Further, 28 U.S.C. § 144 provides, in pertinent part, that when a party, "makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding."[40]

The Court finds that Mr. Gilbert has failed to show that any of the factors set forth in 28 U.S.C. § 455 require the undersigned's disqualification from this case and that Mr. Gilbert's Affidavit is not sufficient to show such personal bias. The Court further finds that Mr. Gilbert has failed to establish that the undersigned has any personal bias or prejudice against him or in favor of any of the defendants. Mr. Gilbert argues that the undersigned should be disqualified because her father was once employed by the law firm that employs one of the defendants in this matter. As

---

[38] 28 U.S.C. § 455(b).

[39] *Potashnick v. Port City Const. Co.*, 609 F.2d 1101, 1111 (5th Cir. 1980).

[40] 28 U.S.C. § 144.

Mr. Gilbert knows, the undersigned's father has been deceased for decades.[41]  Mr. Gilbert does not make any allegation that the undersigned is associated with that law firm other than through her deceased father.

The Court notes that the undersigned's father died in 1980 and any employment he had with the Baldwin Haspel Law Firm would have taken place in the 1950s or 1960s as an associate, not a partner.  The Court further notes that the undersigned has no recollection of such employment, as her father was employed at two separate law firms during the last twenty years of his life, neither being the Baldwin Haspel Law Firm.  Moreover, if such employment by the undersigned's father occurred as an associate with that law firm, it was before the undersigned was born.  Additionally, the undersigned has never met Mr. Gilbert.  The undersigned also has no personal relationship with defendant, Thomas Cortazzo.  Based on the foregoing, the Court is not persuaded that a layperson would think that the undersigned's impartiality might be questioned by the fact that her deceased father may have worked at one of the defendant's law firms more than fifty years earlier.

To the extent Mr. Gilbert asserts that the undersigned holds a personal bias against him based upon a prior Order in which the Court foreclosed Mr. Gilbert "from filing any new lawsuit arising out of the Succession of his mother, Bernadette Gains Gilbert, absent prior approval from the Court,"[42] such action was taken as a result of

---

[41] Mr. Gilbert attached a copy of the undersigned's father's obituary to the prior motion to disqualify. *See*, R. Doc. 21-3 in Civ. A. No. 19-9537-WBV-KWR, *Dean E. Gilbert v. Sidney  H. Cates, IV, et al.* (E.D. La.).

[42] R. Doc. 13 in Civ. A. No. 19-13654, *Dean E. Gilbert v. Sidney H. Cates, IV, et al.* (E.D. La. March 20, 2020).

repeated dismissals of identical lawsuits filed by Mr. Gilbert regarding his mother's succession. As previously mentioned, this is the fifth lawsuit filed by Mr. Gilbert concerning his mother's succession that has come before the Eastern District of Louisiana. Two different district judges from the Eastern District of Louisiana, including the undersigned, have dismissed the four prior identical cases.[43] In an attempt to promote judicial economy, this Court issued the prior Order prohibiting Mr. Gilbert from filing any new lawsuits at the Eastern District of Louisiana stemming from the same underlying facts as the four previously dismissed cases without prior approval of the Court. As evidenced by the procedural posture of this case, however, the Court's prior Order did not prohibit Mr. Gilbert from filing suit in state court, nor did it wholesale prohibit filings in this Court. Additionally, while Mr. Gilbert claims that the Court "barred the clerk's office from allowing plaintiff to issue any summons,"[44] he cites no support for this assertion and the Court has found none. Indeed, the assertions are completely baseless. Of the two cases previously assigned to this Court, the case dockets show that a summons was issued to all of the defendants in one case,[45] and that Mr. Gilbert never requested the issuance of summons in the other case even though the Court issued a Show Cause Order regarding the absence of service or an appearance by certain defendants in that

---

[43] *See*, R. Doc. 93 in Civ. A. No. 17-04786-JTM-KWR, *Dean E. Gilbert v. Sidney H. Cates, IV, et al.* (E.D. La.) c/w Civ. A. No. 17-12195-JTM-KWR, *Dean E. Gilbert v. Sidney H. Cates, IV, et al.* (E.D. La.); R. Doc. 31 in Civ. A. No. 19-9537-WBV-KWR, *Dean E. Gilbert v. Sidney H. Cates, IV, et al.* (E.D. La.); R. Doc. 13 in Civ. A. No. 19-13654-WBV-KWR-*Dean E. Gilbert v. Sidney H. Cates, IV, et al.* (E.D. La.).
[44] R. Doc. 9-2 at ¶¶ 3(l) & (m).
[45] *See*, R. Doc. 10 in Civ. A. No. 19-9537-WBV-KWR, *Dean E. Gilbert v. Sidney H. Cates, IV, et al.* (E.D. La.).

case.[46]  Based on the foregoing, the Court is not persuaded that a layperson would think that the undersigned's impartiality might be questioned based upon Orders issued by the undersigned in two of Mr. Gilbert's prior cases.  As such, the Motion to Disqualify and the Motion to Return are denied.

The Court again states without reservation that it holds no personal bias or prejudice against Mr. Gilbert or in favor of any other party in this litigation, nor does the Court have any personal knowledge of any disputed issue, nor any issue regarding this matter.  It does not appear that Mr. Gilbert  makes that allegation. The Court is always mindful of the grounds for disqualification as well as the Code of Conduct for United States Judges and her responsibility under those canons.

## III.   CONCLUSION

For the reasons stated herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Disqualify Judge, Pursuant to 28 U.S.C.A. §§ 144, 455, Due to Her Bias Against Him Through Her Familial Interests With the Defendants and Her Directive to the Pro-Se Clerk of Court to Interfere with Plaintiff's Pleadings in 2019-CV-1937[47] and Plaintiff's Motion to Return this Matter to the Honorable Sarah H. Vance[48] are **DENIED.**

---

[46] *See*, R. Doc. 7 in Civ. A. No. 19-13654-WBV-KWR-*Dean E. Gilbert v. Sidney H. Cates, IV, et al.* (E.D. La.).

[47] R. Doc. 9.

[48] R. Doc. 11.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send Mr. Gilbert

a copy of this Order via first-class and certified mail at his address of record.

New Orleans Louisiana, March 2, 2021.

_____
**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**