## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**DEAN E. GILBERT**                                  **CIVIL ACTION**

**VERSUS**                                            **NO. 20-3428-WBV-KWR**

**SIDNEY H. CATES, IV, ET AL.**                       **SECTION: D (4)**

### ORDER AND REASONS

Before the Court is Plaintiff's Motion to Remand This Matter to the Civil District Court for the Parish of Orleans.[1]  Defendant, Thomas J. Cortazzo, opposes the Motion.[2]  After careful consideration of the parties' memoranda and the applicable law, the Motion is **GRANTED** and this matter is hereby **REMANDED** to Civil District Court for the Parish of Orleans, State of Louisiana.

### I.     FACTUAL AND PROCEDURAL BACKGROUND

On or about November 20, 2020, plaintiff, Dean E. Gilbert, a *pro se* litigant, filed a Complaint for Absolute Nullity Due to Fraud, Theft, Conversion, Civil Conspiracy, Unjust Enrichment, Breach of Fiduciary Duty, Breach of Fidelity, and Intentional Infliction of Emotion Distress in Orleans Parish Civil District Court regarding the succession proceeding of his mother, Bernadette Gaines Gilbert (hereafter, the "state court Petition").[3]  Named as defendants in the suit are Sidney H. Cates, IV, individually and in his official capacity as Judge of the Orleans Parish Civil District Court, Dwight A. Gilbert, individually and in his capacity as Administrator for the Succession of Bernadette Gaines Gilbert, Thomas J. Cortazzo,

---

[1] R. Doc. 7.
[2] R. Doc. 18.
[3] R. Doc. 1-2.

individually and as counsel for the Succession of Bernadette Gaines Gilbert, Darryl M. Gilbert, individually and as an heir to the Succession of Bernadette Gaines Gilbert,[4] and Debra Dave, as agent to the Succession of Bernadette Gaines Gilbert[5] (collectively, "Defendants").[6]

Mr. Gilbert alleges that Judge Cates presided over the Succession of Bernadette Gaines Gilbert (the "Succession") and, in that capacity, deducted $13,000.00 from Mr. Gilbert's inheritance for a motor vehicle before closing the Succession.[7] Mr. Gilbert alleges that, "The price was an inflated automobile value that failed to deduct the value of plaintiff's inheritance."[8] Mr. Gilbert further alleges that Defendants refused to deliver the title to the vehicle until after Judge Cates recused himself from the case, and that the title transfer revealed that the Succession did not own the vehicle.[9] Mr. Gilbert claims that Judge Cates allowed the Succession to overcharge him for the vehicle and then imposed financial sanctions on Mr. Gilbert for possessing a vehicle the Succession did not own.[10] Mr. Gilbert alleges that Judge Cates took these actions to enrich his campaign contributor and to retaliate against Mr. Gilbert.[11] Mr. Gilbert does not allege any facts whatsoever particular to

---

[4] While the caption of the lawsuit reflects that Darryl M. Gilbert is sued individually and as heir to the Succession of Bernadette Gaines Gilbert, Mr. Gilbert alleges in the body of the Petition that he is suing Darryl M. Gilbert in his individual and official capacities as an Agent with the Drug Enforcement Agency.  *See,* R. Doc. 1-2 at ¶ 3.

[5] Here, too, the caption of the lawsuit reflects that Debra Dave is sued as agent to the Succession of Bernadette Gaines Gilbert.  R. Doc. 1-2 at p. 1.  However, Mr. Gilbert alleges in the body of the Petition that he is suing Ms. Dave individually and in her official capacity and as an agent for the Succession of Bernadette Gaines Gilbert.  *Id.* at ¶ 6.

[6] *Id.*

[7] *Id.* at ¶¶ 2, 7.

[8] *Id.* at ¶ 7.

[9] *Id.* at ¶¶ 8, 9.

[10] *Id.* at ¶¶ 9, 10.

[11] *Id.* at ¶ 11.

defendants Darryl Gilbert, Dwight Gilbert, Thomas Cortazzo or Debra Dave, other than that he is suing them individually and in their official capacities.[12]  Mr. Gilbert seeks compensatory damages, punitive damages, interest, costs of suit and such other and further relief as the court may deem just and proper.[13]

Defendant Thomas Cortazzo removed the case to this Court on December 18, 2020, asserting that the Court has subject matter jurisdiction under 28 U.S.C. § 1331.[14]  Mr. Cortazzo claims that although Mr. Gilbert describes the claims in his Petition as arising under Louisiana law, they arise out of the same conduct as prior cases filed by Mr. Gilbert, in which Mr. Gilbert sought recovery under 42 U.S.C. § 1983.[15]  Mr. Cortazzo also asserts that § 1983 is Mr. Gilbert's exclusive remedy against Judge Cates and his brother, Darryl M. Gilbert, who are sued in their individual and official capacities as a judge and an agent with the Drug Enforcement Administration ("DEA"), respectively.[16]

On January 15, 2021, Mr. Gilbert filed the instant Motion to Remand, asserting that the Court lacks subject matter jurisdiction over his claims.[17]  Although Mr. Gilbert fails to articulate why the Court lacks subject matter jurisdiction, he asserts that this lawsuit concerns "the fraud and theft from $13,000 to $300,000 dollars from the estate by Thomas Cortazzo, Succession representative Dwight Gilbert, heir Darryl Gilbert, and Judge Sidney H. Cates, IV."[18]  Mr. Gilbert asserts

---

[12] *See generally,* R. Doc. 1-2.
[13] *Id*. at p. 2.
[14] R. Doc. 1 at ¶ 22.
[15] *Id*. at ¶¶ 18-29.
[16] *Id*. at ¶¶ 23-24.
[17] R. Doc. 7.
[18] *Id*. at p. 1.

that Judge Cates "was sanctioned by the Louisiana Judiciary Inquiry Commission for his illegal and unethical actions and conduct in this administration of justice in the succession." [19]   Mr. Gilbert further asserts "this matter does not belong in the jurisdiction of the federal court" and that:

> It seems a fair and equitable administration of justice would be for the court to restrict all parties from filing or transferring cases related to the Succession of Bernadette Gaines Gilbert without the court's approval.  Otherwise, Thomas Cortazzo is gratuitously placing the plaintiff in contempt of court to hide Baldwin's unethical and illegal behaviors. [20]

Mr. Gilbert asks the Court to remand this case to Orleans Parish Civil District Court and to prohibit Defendants from transferring cases related to the Succession without prior court approval. [21]

Mr. Cortazzo opposes the Motion to Remand, asserting that the Motion should be denied because it provides no legal basis for remanding this action to state court and because Mr. Gilbert's claims give rise to federal question and supplemental jurisdiction under 28 U.S.C. §§ 1331 and 1367. [22]  Mr. Cortazzo asserts that Mr. Gilbert has now filed five lawsuits – one in this Court and four in state court that were subsequently removed to this Court – asserting similar allegations against virtually the same defendants, all arising from the underlying Succession. [23]  Mr. Cortazzo contends that the three prior state court cases were properly removed to

---

[19] *Id.*
[20] *Id.* at p. 2.
[21] *Id.*
[22] R. Doc. 18 at p. 1.
[23] *Id.* at pp. 1-2 (citing Civ. A. No. 17-04786-JTM-KWR, *Dean E. Gilbert v. Sidney H. Cates, IV, et al.* (E.D. La.) c/w Civ. A. No. 17-12195-JTM-KWR, *Dean E. Gilbert v. Sidney H. Cates, IV, et al.* (E.D. La.); Civ. A. No. 19-9537-WBV-KWR, *Dean E. Gilbert v. Sidney H. Cates, IV, et al.* (E.D. La.); Civ. A. No. 19-13654-WBV-KWR-*Dean E. Gilbert v. Sidney H. Cates, IV, et al.* (E.D. La.)).

this Court and that the instant case was also properly removed.  Mr. Cortazzo argues that the Court has federal question jurisdiction over Mr. Gilbert's claims in this case because they arise out of the same set of operative facts and involve the same transaction or occurrence that gave rise to Mr. Gilbert's first suit that was filed in this Court, in which Mr. Gilbert acknowledged that his allegations arose under federal law.[24]  Mr. Cortazzo claims that Mr. Gilbert previously alleged that Judge Cates and other defendants violated his First, Fourth, Sixth, Eighth and Fourteenth Amendment rights and that the defendants were liable under 42 U.S.C. §§ 1981, 1983 and 1985, such that the Court had federal question jurisdiction over that case.[25]  Mr. Cortazzo argues that in each of the subsequent state court suits, Mr. Gilbert adjusted the language in his petitions in an attempt to avoid federal jurisdiction, but that Mr. Gilbert continues to assert claims against certain individuals in their official capacity, specifically the state court judge and Mr. Gilbert's brother as an agent with the Drug Enforcement Agency, thereby implicating federal question jurisdiction. [26]  Mr. Cortazzo further contends the verbiage used throughout Mr. Gilbert's state court Petition highlight his intention to seek recovery under federal law, including his assertion that Dwight A. Gilbert and Debra Dave are liable "under color of law," his assertion that several defendants are domiciled in the Eastern District of Louisiana,

---

[24] R. Doc. 18 at p. 4 (*citing* R. Doc. 1 in Civ. A. No. 17-04786-JTM-KWR, *Dean E. Gilbert v. Sidney H. Cates, IV, et al.* (E.D. La.)).
[25] R. Doc. 18 at p. 4 (*citing* R. Doc. 1 in Civ. A. No. 17-04786-JTM-KWR, *Dean E. Gilbert v. Sidney H. Cates, IV, et al.* (E.D. La.)).  The Court notes that although Mr. Cortazzo references the first suit filed by Mr. Gilbert, which was originally filed in this Court, Mr. Cortazzo concludes, with respect to that case, that, "therefore, federal question jurisdiction gave rise to proper removal to this Court." R. Doc. 18 at p. 4.
[26] R. Doc. 18 at p. 4 (*citing* R. Doc. 1-2 at ¶¶ 2-3).

his request for punitive damages which are only available if Mr. Gilbert recovers for civil rights violations, and naming Darryl Gilbert as a defendant in his official capacity.[27]

Mr. Cortazzo further asserts that certain documents filed with Mr. Gilbert's other pleadings in this case confirm that he is alleging violations of his civil rights.[28] By way of example, Mr. Gilbert alleges unequal treatment based upon race in the Affidavits submitted in support of his motions to disqualify and as his motion to return this matter to Judge Vance.[29] Mr. Cortazzo also claims that this matter was properly removed under 28 U.S.C. § 1331 because in order to recover against his brother, Darryl Gilbert, in his official capacity as an Agent with the Drug Enforcement Administration, Mr. Gilbert will need to prove that Darryl Gilbert was acting under color of law in his position as a federal employee.[30] Mr. Cortazzo further asserts that this Court may exercise supplemental jurisdiction under 28 U.S.C. § 1367 "because all of the claims raised by the plaintiff arise out of the same case or controversy as the four actions that he previously filed."[31]

Finally, Mr. Cortazzo argues that the Motion to Remand should be denied because Mr. Gilbert failed to provide any legal basis for remand.[32] Mr. Cortazzo contends that this Court has jurisdiction over Mr. Gilbert's claims because Mr. Gilbert acknowledges in the Motion to Remand that this suit arises from the same

---

[27] *Id.* at pp. 4-5.
[28] *Id.* at p. 5.
[29] *Id.* at pp. 5-6 (*citing* R. Docs. 9-2, 10-2 & 11).
[30] R. Doc. 18 at p. 6.
[31] *Id.*
[32] *Id.*

facts as all of the previously filed suits related to his mother's succession and this Court had jurisdiction over the prior suits.[33]   Mr. Cortazzo disputes Mr. Gilbert's assertion that this Court previously determined that it lacked subject matter jurisdiction over Mr. Gilbert's claims, pointing out that the Court previously issued an order prohibiting Mr. Gilbert from filing any new lawsuit arising out of his mother's succession absent prior approval from the Court.[34]   Mr. Cortazzo contends that Mr. Gilbert has thwarted the prior order by filing the instant suit, which is the fifth case to address his mother's succession.   Mr. Cortazzo maintains that federal jurisdiction is proper "to protect the integrity of this Court's rulings" on Mr. Gilbert's prior suits, all of which were dismissed, and to protect the integrity of the Court's prior injunction.[35]

On January 28, 2021, Mr. Gilbert filed a Motion For Leave to File Amended Complaint, seeking to amend his state court Petition because, "The plaintiff had no intention of the defendants being served the complaint in its current form in this court.   The current complaint does not completely represent all the plaintiff's allegations."[36]   On February 1, 2021, the Court issued an Order, giving Mr. Gilbert until Wednesday, February 10, 2021 to supplement his Motion for Leave with a copy of the proposed amended pleading.[37]   On February 8, 2021, Mr. Gilbert filed a Motion for an Extension of Time to Amend Complaint, seeking an extension until

---

[33] *Id*.
[34] *Id*.
[35] *Id*.
[36] R. Doc. 19.
[37] R. Doc. 22.

Wednesday, February 24, 2021 to amend his Petition.[38]  The Court subsequently

granted the Motion, giving Mr. Gilbert additional time until February 24, 2021 to file

his amended Petition. Mr. Gilbert failed to file his proposed amended pleading by

February 24, 2021.  However, because he is proceeding *pro se*, the Court gave Mr.

Gilbert additional five days to file his proposed amended pleading.  As of the date of

this Order, however, Mr. Gilbert has filed to provide the Court with a copy of his

proposed amended pleading.

## II.    LEGAL STANDARD

### A. Motion to Remand

Under 28 U.S.C. § 1441(a), a defendant may remove "any civil action brought

in a State court of which the district courts of the United States have original

jurisdiction."[39]  Federal district courts have original jurisdiction of all civil actions

which arise under the Constitution, laws, or treaties of the United States.[40]  "When

a civil action is removed solely under section 1441(a), all defendants who have been

properly joined and served must join in or consent to the removal of the action to

federal court."[41]  If consent of all served defendants is not timely obtained, the

removal is procedurally defective.[42]  Subject matter jurisdiction must exist at the time

---

[38] R. Doc. 32.
[39] 28 U.S.C. § 1441(a).
[40] 28 U.S.C. § 1331.
[41] 28 U.S.C. § 1446(b)(2)(A).
[42] *Doe v. Kerwood*, 969 F.2d 165, 167-69 (5th Cir. 1992); see also *Wade v. Fireman's Fund Ins. Co.*, 716 F. Supp. 226, 231 (M.D. La. 1989) ("The failure of all defendants to timely join in removal does not deprive the Court of jurisdiction over the subject matter and constitutes a procedural defect that can be waived by the plaintiff.").  The Court notes that, as of the date of this Order, the Clerk's Office has issued summons as to Judge Cates, Cortazzo, Dave, and Dwight A. Gilbert, but the record is devoid of a return of summons as to any of these defendants.  *See*, R. Doc. 25.

of removal to federal court, based on the facts and allegations contained in the state court petition.[43]

The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[44]  The removing party has the burden of establishing federal jurisdiction.[45]  Remand is proper if, at any time, the Court lacks subject matter jurisdiction.[46]  However, it is well-established that *pro se* pleadings are held to less stringent standards than formal pleadings drafted by lawyers.[47]  Thus, the Court liberally construes Mr. Gilbert's state court Petition and Motion to Remand with all possible deference due a *pro se* litigant.

### B. Federal Question Jurisdiction

Removing Defendant removed this case pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1331, asserting that Mr. Gilbert's suit alleges a violation of federal and constitutional law.[48]  For federal question jurisdiction to exist, there must be a "basic dispute as to the interpretation or construction of the Constitution or laws of the United States of such serious import that jurisdiction will be supported if the laws of [sic] constitutional provision be given one interpretation and defeated if given

---

[43] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").

[44] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

[45] *Dandridge v. Tyson Foods, Inc.*, 823 F. Supp. 2d 447, 450 (S.D. Miss. 2011).

[46] 28 U.S.C. § 1447(c).

[47] *Smith v. Mortgage Elec. Registration Sys., Inc.*, Civ. A. No. 3:18-cv-03122-S (BT), 2019 WL 4648262, at *3 (N.D. Tex. Aug. 30, 2019) (quoting *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)) (quotation marks omitted); *Charlot v. Transp. Consultants, Inc.*, Civ. A. No. 20-1978, 2020 WL 5105666, at *3 (E.D. La. Aug. 31, 2020) (citing *United States v. Gonzalez*, 592 F.3d 675, 680 n.3 (5th Cir. 2009)).

[48] R. Doc. 1 at ¶ 31.

another."[49]   Additionally, "Where jurisdiction is asserted to exist on the basis of a federal question, that question must be a substantial one and must form an integral part of the complaint."[50]   "A mere incidental or collateral federal question may appear, or may lurk in the background of the record, but this is not a sufficient or adequate basis upon which federal jurisdiction may attach."[51]   Federal question jurisdiction does not exist merely because a federal claim, which was not pleaded by the plaintiff, may be available to him.[52]

To determine the presence of federal question jurisdiction, the Court applies the "'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."[53]   This rule makes the plaintiff "the master of the claim," and the plaintiff may avoid federal jurisdiction by relying exclusively on state law for his or her claims.[54]   "[T]his does not mean that a plaintiff can avoid federal jurisdiction by simply 'artfully pleading' a federal cause of action in state law terms."[55]   However, "when both federal and state remedies are available, plaintiff's election to proceed exclusively under state law does not give rise to federal jurisdiction."[56]   "'[W]hether a

---

[49] *Screven County v. Brier Creek Hunting and Fishing Club, Inc.*, 202 F.2d 369, 370 (5th Cir. 1953).

[50] *Id.*

[51] *Id.* (citing *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199, 200, 41 S.Ct. 243, 65 L.Ed.577 (1921).

[52] *In re Alberta Inc.*, Civ. A. Nos. 14-1910, 14-1911, 14-1912, 14-1913, 2014 WL 5782820, at *5 (E.D. La. Nov. 6, 2014) (quoting *Brumfield v. City of Baker*, Civ. A. No. 11-507, 2011 WL 5178267, at *2 (M.D. La. Sept. 30, 2011)) (quotation marks omitted).

[53] *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987) (citation omitted).

[54] *Caterpillar Inc.*, 482 U.S. at 392, 107 S.Ct. at 2429 (citing authority).

[55] *Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir. 1995) (citation omitted).

[56] *Id.*

case arising ... under a law of the United States is removable or not ... is to be determined by the allegations of the complaint or petition and that if the case is not then removable it cannot be made removable by any statement in the petition for removal or in subsequent pleadings by the defendant.'"[57]

## III.   ANALYSIS

In the Notice of Removal, Mr. Cortazzo asserts that this Court has federal question jurisdiction over Mr. Gilbert's claims because: (1) Mr. Gilbert's claims are identical to those asserted in a prior case filed by Mr. Gilbert in this Court, in which Mr. Gilbert acknowledged that his claims supported federal question jurisdiction; and (2) 42 U.S.C. § 1983 provides the exclusive remedy for Mr. Gilbert's claims against Judge Cates and his brother, Darryl M. Gilbert, who are sued in their "individual and official capacities" as a judge and an agent with the DEA, respectively.[58]   Mr. Cortazzo  also supports his position that this Court has federal question jurisdiction based upon statements made by Mr. Gilbert in subsequent pleadings filed in this matter.

Initially, the Court takes judicial notice of the many previous lawsuits brought by Plaintiff relative to his mother's succession which name virtually the same defendants in this case.  The Court is not persuaded that the basis for Mr. Cortazzo's removal is sufficient to establish that the Court has federal question jurisdiction over Mr. Gilbert's claims.

---

[57] *Id.* (quoting *Great Northern Ry., Co. v. Alexander*, 246 U.S. 276, 281, 38 S.Ct. 237, 239, 62 L.Ed. 713 (1918)).
[58] R. Doc. 1 at pp. 4-6.

With respect to Mr. Cortazzo's first basis for removal, namely, that Mr. Gilbert's are identical to those asserted in prior cases in which Mr. Gilbert asserted federal jurisdiction, Mr. Gilbert's claims in the instant case are not identical to those asserted in his prior federal suit.  In the prior suit, Mr. Gilbert described his case as "civil action to redress the deprivation under color of law, custom, or usage of rights, privileges, and immunities secured by the First, Fourth, Sixth, Eight [sic], and Fourteenth Amendments to the Constitution of the United States, 42 U.S.C. §§§§ [sic] 1981, 1983, 1985, and 1985 [sic]."[59]  Mr. Gilbert also alleged that, "Harms caused by the civil rights violations include malicious prosecution, conspiracy, retaliation, negligence, and intentional infliction of emotional distress," and that this Court had jurisdiction over his claims under 28 U.S.C. § 1331.[60]  Mr. Gilbert's claims in the prior suit stem from his allegation that after his mother died, his brother, Dwight Gilbert, took their father to Dwight Gilbert's home in Michigan and brainwashed their father into believing that Mr. Gilbert had killed their mother and was conspiring with Louisiana relatives to kill their father, too.[61]  Mr. Gilbert further alleged that he continued to manage his parents' Road Home grants and properties by opening his mother's succession, and that, "Through the use of his judicial office as an offensive weapon to retaliate against the plaintiff and enrich his campaign patrons and friends,

---

[59] R. Doc. 1 at ¶ 1 in Civ. A. No. 17-04786-JTM-KWR, *Dean E. Gilbert v. Sidney H. Cates, IV, et al.* (E.D. La.).
[60] *Id*. at ¶¶ 1-2.
[61] *Id*. at ¶¶ 18-19.

Judge Cates conspired with Sheriff Gusman and others to violate plaintiff's civil rights by acting through an absence of jurisdiction."[62]

In contrast, Mr. Gilbert alleges in the instant case that Judge Cates improperly deducted $13,000.00 from his inheritance for a motor vehicle before closing his mother's succession, that Judge Cates "allowed the Succession to overcharge for a vehicle it did not even own," and that Judge Cates imposed financial sanctions upon him for possessing a vehicle that the Succession did not own.[63]  Mr. Gilbert alleges that Judge Court took these actions to enrich his campaign contributor and to retaliate against Mr. Gilbert.[64]  Although both suits concern the Succession and involve some of the same defendants,[65] they do not arise out of "the same set of operative facts and involve the same transaction or occurrence" as Mr. Cortazzo contends.  As such, the Court rejects Mr. Cortazzo's argument that the Court has subject matter jurisdiction over Mr. Gilbert's state court Petition because his claims are identical to the claims asserted in a prior federal suit.  Further, even if Mr. Gilbert's claims were similar to the claims asserted in a prior suit, Mr. Cortazzo fails to cite any legal authority to support his contention that mere similarities between

---

[62] *Id*. at ¶ 20.  While Mr. Cortazzo also cites to the "First Amendment of Consolidated Complaint" filed in the prior case (R. Doc. 18 at p. 4, n.14), the Court notes that Mr. Gilbert's Motion for Leave to File Consolidated Amended Complaint (R. Doc. 33) was denied and the amended complaint was never filed into the record.  *See*, R. Doc. 75 in Civ. A. No. 17-04786-JTM-KWR, *Dean E. Gilbert v. Sidney H. Cates, IV, et al.* (E.D. La.) c/w Civ. A. No. 17-12195-JTM-KWR, *Dean E. Gilbert v. Sidney H. Cates, IV, et al.* (E.D. La.).

[63] R. Doc. 1-2 at ¶¶ 7, 9, 10.

[64] R. Doc. 1-2 at ¶ 11.

[65] The prior action involved several additional defendants, including Baldwin Haspel Burke & Mayer, LLC, Sheriff Marlin A. Gusman, Michelle Mouton, Laurie Hendrickson, Joel A. Mendler, Joseph A. Bonventure and Orleans Parish.  *See*, R. Doc. 1 at ¶¶ 6, 9-14 in Civ. A. No. 17-04786-JTM-KWR, *Dean E. Gilbert v. Sidney H. Cates, IV, et al.* (E.D. La.).

pleadings are sufficient to provide this Court with federal question jurisdiction.  As explained by one of our sister courts, "That jurisdiction may have existed before or that the parties believed jurisdiction existed in prior litigation involving essentially the same parties does not establish jurisdiction for the present case."[66]

The Court further finds that Mr. Cortazzo has failed to offer any support for his second basis for removal, namely that Mr. Gilbert's exclusive remedies against Judge Cates and Darryl M. Gilbert lie under 42 U.S.C. § 1983 because they were sued in their official capacities as state actors.[67]  As previously mentioned, Mr. Gilbert does not allege any facts particular to Darryl M. Gilbert in his state court Petition, other than that he is being sued individually and in his official capacity.[68]  There is also no other reference in the Petition to the DEA, or actions taken by Darryl M. Gilbert as a DEA agent.  Additionally, Mr. Gilbert has alleged that Judge Cates took certain actions against him "to enrich its [sic] campaign contributor and retaliate against the plaintiff."[69]  Mr. Cortazzo equates the word "retaliate" with a constitutional violation in the Notice of Removal, and claims that the verbiage used in the Petition "reveals the federal underpinnings of his claims," including race discrimination.[70]  Applying the well-pleaded complaint rule and liberally construing Mr. Gilbert's *pro se* Petition, as the Court is required to do, the Court rejects Mr. Cortazzo's construction of Mr. Gilbert's Petition.  The Court will not construe the phrase "in his official capacity" or

---

[66] *NL Indus., Inc. v. OneBeacon Am. Ins. Co.*, 435 F. Supp. 2d 558, 565 (N.D. Tex. 2006).

[67] R. Doc. 1 at ¶¶ 23-24.

[68] *See generally,* R. Doc. 1-2 & at ¶ 3.  The court notes that Mr. Cortazzo has a pending Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) pending.  (R. Doc. 13).  The Court makes no ruling on that Motion in this Order.

[69] R. Doc. 1-2 at ¶ 11.

[70] R. Doc. 1 at ¶¶ 22, 24, 25, 26.

the word "retaliate" to manufacture a § 1983 claim where no such claim has been asserted.

The well-pleaded complaint rule requires this Court to determine federal jurisdiction from the allegations in Mr. Gilbert's state court Petition. Mr. Gilbert cites no federal statute in his Petition, nor does he allege any facts to support a federal claim. As the master of his claim, Mr. Gilbert can avoid federal jurisdiction by relying exclusively on state law.[71] Mr. Gilbert filed a prior complaint in this Court and expressly invoked jurisdiction under 28 U.S.C. § 1331 based upon claims asserted under 42 U.S.C. §§ 1981, 1983 & 1985.[72] Thus, it is clear to the Court that Mr. Gilbert was capable of alleging a cause of action under federal law when he so intended.[73] Mr. Gilbert's omission of references to 42 U.S.C. §§ 1981, 1983 and 1985 in his state court Petition is a strong indication that he intended to proceed under state law.[74] The Court rejects Mr. Cortazzo's assertion that certain verbiage used in the Petition indicates that Mr. Gilbert intends to seek recovery under federal law. As a *pro se* litigant, Mr. Gilbert's Petition must be liberally construed and held to less stringent standards as those drafted by lawyers.[75] However, the Court refuses to conclude that a few choice words used in Mr. Gilbert's Petition are sufficient to establish federal question jurisdiction over his claims.

---

[71] *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987) (citation omitted).
[72] *See*, R. Doc. 1 at ¶¶ 1-2 in Civ. A. No. 17-04786-JTM-KWR, *Dean E. Gilbert v. Sidney H. Cates, IV, et al.* (E.D. La.).
[73] *See, Patrick v. McLaughlin*, Civ. A. No. 06-2102, 2007 WL 1229024, at *2 (W.D. La. Mar. 9, 2007).
[74] *Id.*
[75] *Turner v. Cain*, 647 Fed.Appx. 357, 362 (5th Cir. 2016) (internal quotation marks omitted).

The Court further notes that Mr. Gilbert's Petition is entitled, "Complaint for Absolute Nullity Due to Fraud, Theft, Conversion, Civil Conspiracy, Unjust Enrichment, Breach of Fiduciary Duty, Breach of Fidelity, and Intentional Infliction of Emotion Distress," which is actionable under Louisiana law.[76]  However, the Court also recognizes that the Petition is devoid of any citation to state or federal law.  Thus, the Petition is ambiguous.[77]  This ambiguity must be construed against removal.[78] Federal courts are courts of limited jurisdiction.[79]  As such, this Court must presume that a suit lies outside of our limited jurisdiction until the party invoking federal jurisdiction establishes otherwise.[80]  The Court finds that Mr. Cortazzo has not met that burden.  Accordingly, the Court finds that federal question jurisdiction is lacking and that remand is required under 28 U.S.C. § 1447(c).

Based on the foregoing, the Court finds that Mr. Cortazzo has not met his burden of proving that the Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1331 and Mr. Cortazzo has not alleged that this Court has diversity jurisdiction under 28 U.S.C. § 1332(a).  To the extent Mr. Cortazzo asserts that this Court may exercise supplemental jurisdiction over Mr. Gilbert's claims "because his claims arise out of the same case or controversy as those previously litigated,"[81] the Court rejects this assertion as a fundamental misunderstanding of supplemental

---

[76] R. Doc. 1-2.

[77] *Patrick v. McLaughlin*, Civ. A. No. 06-2102, 2007 WL 1229024, at *2 (W.D. La. Mar. 9, 2007) (citing *Lorenz v. Texas Workforce Comm'n*, 211 Fed.Appx. 242 (5th Cir. 10/30/06) (unpub.)).

[78] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007); *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted).

[79] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

[80] *Patrick*, Civ. A. No. 06-2102, 2007 WL 1229024 at *2.

[81] R. Doc. 18 at p. 7.

jurisdiction.    Under  28  U.S.C.  §  1367,  the  Court  may  exercise  supplemental jurisdiction over state law claims that are "so related to claims *in the action* within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."[82]  Thus, this Court may only exercise supplemental jurisdiction over Mr. Gilbert's state law claims if the Court has federal subject matter jurisdiction over other claims asserted in the Petition that form part of the same case or controversy as his state law claims.   Because the Court has determined that it lacks federal jurisdiction over any of the claims asserted in Mr. Gilbert's Petition, the Court may not exercise supplemental jurisdiction over any state law claims asserted therein.   Accordingly, remand is required under 28 U.S.C. § 1447(c).

## IV.    CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand[83] is **GRANTED.**   This matter is hereby **REMANDED** to Civil District Court  for  the  Parish  of  Orleans,  State  of  Louisiana,  for  lack  of  subject  matter jurisdiction under 28 U.S.C. § 1331.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send Mr. Gilbert a copy of this Order via first-class and certified mail at his address of record.

New Orleans, Louisiana, March 2, 2021.

**WENDY B. VITTER**
**United States District Judge**

---

[82] 28 U.S.C. § 1367(a) (emphasis added).
[83] R. Doc. 7.